**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000222**
**20-MAR-2024**
**07:49 AM**
**Dkt. 57 SO**

NO. CAAP-23-0000222

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RAHEIM GAVIN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0001537)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

A jury found Raheim **Gavin** guilty of Criminal Property Damage in the First Degree. Gavin appeals from the "Judgment of Conviction and Sentence" entered by the Circuit Court of the First Circuit on February 7, 2023.[1] He challenges the trial court's (1) unanimity and elements instructions, (2) denial of his motion for arrest of judgment, and (3) denial of his motion for judgment of acquittal. We affirm.

**(1)** We review jury instructions de novo to decide "whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent or misleading." State v. Getz, 131 Hawai'i 19, 26-27, 313 P.3d 708, 715-16 (2013).

---

[1] The Honorable Shirley M. Kawamura presided.

Gavin was charged with Criminal Property Damage in the First Degree.

> (1)    A person commits the offense of criminal property damage in the first degree if by means other than fire:
>
> > (a)    The person intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury[.]

Hawaii Revised Statutes (**HRS**) § 708-820 (2014).

Witnesses testified that Gavin damaged the roof, doors, and rear windshield of a car, and that the rear windshield glass shattered and landed on six-month old **Child**, who was sitting in a car seat.  Gavin's girlfriend was in the car.  Gavin was upset at her and wanted her to come out of the car, but she would not.  The responding police officer saw multiple dents on the rear passenger door and roof and a shattered rear windshield, with glass inside the car and on an infant car seat behind the driver's seat.  The officer also reported seeing family members removing glass from Child's hair.

The trial court instructed the jury:

> The Defendant, RAHEIM GAVIN, is charged with the offense of Criminal Property Damage in the First Degree.
>
> A person commits the offense of Criminal Property Damage in the First Degree if by means other than fire, he intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury.
>
> There are three material elements of the offense of Criminal Property Damage in the First Degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> These three elements are:
>
> 1.    That, on or about November 6, 2021, in the City and County of Honolulu, by means other than fire, the Defendant, RAHEIM GAVIN, *damaged property of another*; and
>
> 2.    That the Defendant, RAHEIM GAVIN, did so intentionally or knowingly; and
>
> 3.    That *such conduct* recklessly placed [Child] in danger of death or bodily injury.

(Emphasis added.)

2

Gavin argues this instruction was erroneous because there was evidence of damage to the car roof, door, and rear windshield, but only the shattered windshield could have placed Child in danger of death or bodily injury.  He wanted the conduct element to state "damaged property, *to wit, the rear windshield*" of the car.

The trial court also gave this unanimity instruction:

> The law allows the introduction of evidence for the purpose of showing that there is more than one act and/or damage caused upon which proof of an element of an offense may be based.  In order for the prosecution to prove an element, all twelve jurors must unanimously agree that the ***same act and/or the same damage*** has been proved beyond a reasonable doubt.

(Emphasis added.)

A unanimity instruction is given "to eliminate any ambiguity that might infect the jury's deliberations respecting the particular conduct in which the defendant is accused of engaging and that allegedly constitutes the charged offense." Getz, 131 Hawai'i at 25, 313 P.3d at 714 (citation omitted). When read and considered as a whole, a reasonable jury would understand that they all must agree there was one intentional or knowing act by Gavin that recklessly placed Child in danger of death or bodily injury.  There was no instructional error.

**(2)**  Gavin's motion for arrest of judgment challenged the sufficiency of the charge.  It was made after the jury found him guilty as charged.  We apply a liberal standard of review and will vacate the conviction only if Gavin can show that: (1) the charge cannot reasonably be construed to allege a crime; or (2) he was prejudiced.  See State v. Kauhane, 145 Hawai'i 362, 370, 452 P.3d 359, 367 (2019).

The felony information charged:

> On or about November 6, 2021, in the City and County of Honolulu, State of Hawaii, RAHEIM GAVIN, by means other than fire, did intentionally or knowingly damage property and thereby recklessly place [Child] in danger of death or bodily injury, thereby committing the offense of Criminal

Property Damage in the First Degree, in violation of Section 708-820(1)(a) of the Hawaii Revised Statutes.

The charge accurately reflected the elements of HRS § 708-820. Gavin doesn't argue he was prejudiced. The circuit court did not err by denying Gavin's motion for arrest of judgment.

**(3)** Gavin argues that his motion for judgment of acquittal should have been granted because there was insufficient evidence that he shattered the rear windshield by "a voluntary act." He argues he shattered the glass in "a reflexive act" after the car ran over his foot.

"In reviewing the legal sufficiency of the evidence on appeal, the test is whether, viewing the evidence in the light most favorable to the State, substantial evidence exists to support the conclusion of the trier of fact." <u>Getz</u>, 131 Hawaiʻi at 28, 313 P.3d at 717 (citation omitted). The eyewitness testimony, viewed in the light most favorable to the State, supports the jury's finding that Gavin intentionally or knowingly damaged the car's rear windshield. The circuit court did not err by denying Gavin's motion for judgment of acquittal.

For these reasons, the "Judgment of Conviction and Sentence" entered on February 7, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, March 20, 2024.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge